IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 17-cv-02191-RM-NRN

JOSHUA LAMONT SUTTON,

    Plaintiff,

v.

LT. HYDENTHAL,
LT. RILEY,
MR. CELLA,
SGT. TAYLOR,
MRS. SANTOS, and
MRS. MILLER,

    Defendants.

---

## ORDER
---

This matter is before the Court upon consideration that Plaintiff has failed to response to the Court's Order to show cause as to why Defendant Miller should not be dismissed without prejudice for failure to timely serve her in accordance with the Fed. R. Civ. P. 4(m). Specifically, Rule 4(m) provides:

> If a defendant is not served *within 90 days* after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

This case was filed September 11, 2017, with Mrs. Miller (formerly designated as "C.O. Miller") as a named defendant from the initial complaint. (ECF No. 1.) After orders directing Plaintiff to file amended complaints, a third complaint (Plaintiff's second amended complaint)

was filed and became the operative complaint. That complaint was filed January 10, 2018. (ECF No. 16.)

After the filing of the operative complaint, this case was assigned to me and Magistrate Judge Michael J. Watanabe.[1] Since that time, this court has allowed Plaintiff additional time to serve Defendant Miller. In addition, the court has issued orders advising Plaintiff of the need to serve Defendant Miller and that the failure to serve Defendant Miller will result in her dismissal without prejudice, unless Plaintiff was able to show cause that such dismissal should not be had. *See* ECF No. 34 (show cause order issued regarding service of Defendant Miller); No. 53 (continuing show cause hearing to August 1, 2018 to allow the Marshal additional time to serve Defendant Miller); No. 56 (ordering Plaintiff to provide current address for Defendant Miller or show cause why she should not be dismissed for failure to serve, after the Marshal's unsuccessful attempt to effect service on Defendant Miller); No. 58 (extending time for Plaintiff to provide address for Defendant Miller or show cause why she should not be dismissed); No. 62 (ordering Defendants to respond to Plaintiff's request to subpoena the address of Defendant Miller) and No. 63 (Defendants responding that Defendant Miller was no longer an employer of CDOC and they have no further information concerning her location); No. 65 (reminding Plaintiff of requirement to supply Defendant Miller's current address or show cause why she should not be dismissed). The last show cause order allowed Plaintiff until August 22, 2018 to provide an address or otherwise show cause why Defendant Miller should not be dismissed. Plaintiff did not respond and the time to do so has expired.

---

[1] Judge Watanabe has since retired and, consequently, this case has been reassigned to Magistrate Judge N. Reid Neureiter.

Having failed to serve Defendant Miller within the additional days beyond the 90 days otherwise allowed under Rule 4(m), and having failed to show good cause for that failure, Rule 4(m) requires dismissal of Defendant Miller without prejudice. According, the Court ORDERS

(1) That the Order to Show Cause (ECF No. 58) is made ABSOLUTE; and

(2) That pursuant to Fed. R. Civ. P. 4(m), Defendant Miller is hereby DISMISSED WITHOUT PREJUDICE.

DATED this 4th of September, 2018.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge