**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 17-cv-02191-RM-NRN

JOSHUA LAMONT SUTTON,

      Plaintiff,

v.

LT. RILEY,
MR. CELLA,
SGT. TAYLOR, and
MRS. SANTOS,

      Defendants.

---

## ORDER ON RECOMMENDATION

---

This matter is before the Court on the November 3, 2020 "Report and Recommendation on Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (DKT. #133)" (the "Recommendation") (ECF No. 152), which recommends granting Defendants' Motion for Summary Judgment (ECF No. 133). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 152, pp. 10-11.) The Recommendation was mailed to Plaintiff and was not been returned as undeliverable. Nonetheless, despite this advisement, Plaintiff failed to timely file any objection to the Recommendation or request an extension of time to do so. Accordingly, the Court may review the Recommendation under a clear error standard. *See* Fed. R. Civ. P. 72(b) advisory committee's

note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). And, after such a review, the Court concludes that Magistrate Judge Neureiter's analysis was thorough and sound, and that there is no clear error on the face of the record. For this reason alone, the Recommendation may be accepted and adopted as an order of this Court.

Notwithstanding these events, the Court recognizes, however, that Plaintiff filed a notice that he did not receive the Recommendation, a copy was again mailed to him, and, if Plaintiff's objections were measured by the date of the remailing of the Recommendation, his objection would be timely. On this record, giving Plaintiff the benefit of the doubt, the Court will consider his objection. The time for Defendants to file any response to Plaintiff's objection has not passed, but the Court finds no further briefing is required before ruling. *See* D.C.COLO.LCivR 7.1(d).

Plaintiff appears *pro se*; therefore, the Court liberally construes his pleadings. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Nevertheless, Plaintiff must still comply with the same rules of procedure as other litigants. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

Construing his filing liberally, Plaintiff objects by "declaring" four assertions, mainly arguing the grievance procedures were unavailable. But the Recommendation properly addressed Plaintiff's arguments as to why he was allegedly unable to timely and fully complete the grievance process required under the Prison Litigation Reform Act ("PLRA") and found Plaintiff failed to carry his burden that grievance procedures were unavailable to him. Plaintiff's one page

of citations concerning summary judgments, which appears to correspond to his four assertions, does not support a contrary conclusion as he fails to explain how or why they show there are any material issues of fact which preclude summary judgment. At bottom, Plaintiff's short – one sentence – declarations, even when considered with the attachment, are rejected because they fail to adequately "explain [to the Court] what was wrong" with the Recommendation. *Nixon v. City and Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015).

Plaintiff's objection that the Recommendation erred in finding he could have filed, but failed to file, a grievance with his new case manager fares no better. Plaintiff asserts the Recommendation was wrong because it cited no case law to support that finding. But Plaintiff fails to consider that, prior to this finding, the Recommendation cited to plenty of authority to show the PLRA "requires an inmate [to] exhaust his administrative remedies prior to bringing a suit concerning prison conditions." (Recommendation at p. 5, citing 42 U.S.C. § 1977e(a); *see also* pp. 6-7.)

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

(1) The "Report and Recommendation on Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (DKT. #133)" (ECF No. 152) is ACCEPTED and ADOPTED its entirety;

(2) That Defendants' Motion for Summary Judgment (ECF No. 133) is GRANTED;

(3) That Plaintiff's remaining claims based on First Amendment retaliation and Fourteenth Amendment equal protection are hereby DISMISSED WITHOUT PREJUDICE;

(4) That the Clerk of the Court shall enter JUDGMENT in favor of Defendants and

against Plaintiff in accordance with this Order on Recommendation and with the

Court's prior Order of February 4, 2020 (ECF No. 121); and

(5) That there being no claims or parties remaining, the Clerk shall CLOSE this case.

DATED this 9th day of December, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge